**RIGRODSKY LAW, P.A.**
Gina M. Serra (#361172)
1091 North Palm Canyon Drive, Suite 9
Palm Springs, CA 92262
Telephone: (760) 406-8009
Email: gms@rl-legal.com

*Counsel for Plaintiff Jherome Deguzman*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JHEROME DEGUZMAN, derivatively on behalf of PETCO HEALTH AND WELLNESS COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOEL D. ANDERSON, R. MICHAEL MOHAN, RONALD V. COUGHLN, JR., SABRINA SIMMONS, BRIAN LAROSE, MICHAEL NUZZO, GLENN MURPHY, IRIS YEN, CAMERON BREITNER, GARY BRIGGS, NISHAD CHANDE, DAVID LUBEK, CHRISTOPHER J. STADLER, MARY SULLIVAN, CHRISTY LAKE, MAXIMILIAN BIAGOSCH, and JENNIFER PEREIRA, <br><br> Defendants, <br><br> and <br><br> PETCO HEALTH AND WELLNESS COMPANY, INC., | Case No. 3:25-cv-01964-JLS-VET <br><br> The Hon. Janis L. Sammartino <br><br> **REVISED UNOPPOSED MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS** |

1
2               Nominal Defendant.
3
4   [Caption continued on next page]
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REVISED UNOPPOSED MOTION TO CONSOLIDATE RELATED SHAREHOLDER
DERIVATIVE ACTIONS AND APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS

| | |
|---|---|
| DANIELLE MILLER, Derivatively on Behalf of Nominal Defendant PETCO HEALTH AND WELLNESS COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOEL D. ANDERSON, R. MICHAEL MOHAN, RONALD V. COUGHLIN, JR., SABRINA SIMMONS, BRIAN LAROSE, MICHAEL NUZZO, CAMERON BREITNER, GARY BRIGGS, NISHAD CHANDE, CHRISTOPHER STADLER, MARY SULLIVAN, and CHRISTY LAKE, <br><br> Defendants <br> and <br><br> PETCO HEALTH AND WELLNESS COMPANY, INC., <br><br> Nominal Defendant. | Case No.: 3:25-cv-01985-JLS-VET <br><br> The Hon. Janis L. Sammartino |

# INTRODUCTION

In compliance with the Court's Order (1) Denying Without Prejudice Joint Motion to Consolidate and Appoint Co-Lead Counsel for Plaintiffs and (2) Setting Briefing Schedule (the "Order"), plaintiffs Jherome Deguzman ("Deguzman") and Danielle Miller ("Miller," together with Deguzman, "Plaintiffs") submit this Revised Unopposed Motion to Consolidate Related Shareholder Derivative Actions and Appoint Co-Lead Counsel for Plaintiffs in the above-captioned actions (the "Related Derivative Actions").

Plaintiffs respectfully request that the Court issue an order: (a) consolidating the Related Derivative Actions, and any subsequently filed related derivative actions, under Lead Case No. 3:25-cv-01964-JLS-VET (hereinafter referred to as the "Consolidated Derivative Action"); and (b) appointing the law firms of The Brown Law Firm, P.C. ("The Brown Law Firm") and Rigrodsky Law, P.A. ("Rigrodsky Law") as Co-Lead Counsel for plaintiffs in the Consolidated Derivative Action. Plaintiffs also request that the Court refrain from consolidating the Related Derivative Actions with the related federal securities class action brought against Petco Health and Wellness Company, Inc. ("Petco" or the "Company") captioned *Spurbeck v. Petco Health and Wellness Company, Inc. et al*, Case No. 3:25-cv-01667-JLS-VET (the "*Spurbeck* Action"). Plaintiffs and Defendants[1] have met and conferred, and Defendants do not oppose the Motion or the relief requested herein.[2]

---

[1] "Defendants" means nominal defendant Petco and defendants Joel D. Anderson ("Anderson"), R. Michael Mohan ("Mohan"), Ronald V. Coughlin, Jr. ("Coughlin"), Sabrina Simmons ("Simmons"), Brian LaRose ("LaRose"), Michael Nuzzo ("Nuzzo"), Glenn Murphy, Iris Yen, Cameron Breitner, Gary Briggs, Nishad Chande, David Lubek, Christopher J. Stadler, Mary Sullivan, Christy Lake, Maximilian Biagosch, and Jennifer Pereira. Plaintiffs, together with Defendants, are referred to herein as the "Parties."

[2] Defendants agree that the Related Derivative Actions should be consolidated and that the *Spurbeck* Action should not be consolidated with the Related Derivative Actions, without waiver of any defenses or arguments in any Action. Defendants take no position on the request for appointment of leadership for plaintiffs.

# BACKGROUND

On June 30, 2025, plaintiff Joshua Spurbeck filed the *Spurbeck* Action in this Court alleging causes of action against Petco and Defendants Anderson, Mohan, Coughlin, Simmons, LaRose, and Nuzzo for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

On August 1, 2025, plaintiff Deguzman filed a shareholder derivative action on behalf of Petco in this Court alleging causes of action against the Individual Defendants for violations of Section 14(a) of the Exchange Act, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, waste of corporate assets, and against Defendants Anderson, Mohan, Coughlin, Simmons, LaRose, and Nuzzo for contribution under Sections 10(b) and 21D of the Exchange Act, captioned *Deguzman v. Anderson, et al.*, Case No. 3:25-cv-01964-JLS-VET (the "*Deguzman* Action").

On August 1, 2025, plaintiff Miller filed a shareholder derivative action on behalf of Petco in this Court alleging causes of action against the Individual Defendants for violations of Section 14(a) of the Exchange Act, breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets, and against Defendants Anderson, Mohan, Coughlin, Simmons, LaRose, and Nuzzo for contribution under Sections 10(b) and 21D of the Exchange Act (the "*Miller* Action").

On August 21, 2025, the Parties filed the Joint Motion to consolidate the Related Derivative Actions and appoint Co-Lead Counsel for plaintiffs in the consolidated action. (*Deguzman* Action, ECF No. 5); (*Miller* Action, ECF No. 7).

On August 26, 2025, the Court issued the Order, which denied the Joint Motion without prejudice and ordered, *inter alia*, that: "Plaintiffs Jherome Deguzman and Danielle Miller **SHALL** file a renewed motion to consolidate and appoint co-lead counsel, on or before September 25, 2025" which, among other things, shall "address

whether consolidating the *Spurbeck* [A]ction with the *Deguzman* and *Miller* [A]ctions would serve the interests of judicial economy."

## ARGUMENT

**1. The Court Should Consolidate the Related Derivative Actions**

Plaintiffs respectfully submit that consolidation of the Related Derivative Actions is appropriate because they involve common questions of fact and law, allege similar underlying factual and legal claims, and are at the earliest state of litigation (i.e., no responsive pleadings have been filed). The decision to consolidate is left to the sound discretion of the district court. *See In re Adams Apple*, 829 F.2d 1484, 1489 (9th Cir. 1987); *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to consolidate actions[.]"). In exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), the district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir.1984); *see also Zhu v. UCBH Holdings, Inc.*, 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010) ("Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice."); *Sandys v. Willard*, No. 20-CV-05480-PJH, 2021 WL 1091919, at *4 (N.D. Cal. Mar. 22, 2021) ("A court may consolidate multiple actions on its docket if such actions involve a common question of law or fact. . . .  A court's decision to consolidate under Rule 42(a) is 'discretionary.'") (internal citation omitted). Further, consolidation is proper "where 'the cost of defending ... multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought.'" *Green Meadows Partners LLP v. Tomkinson*, No. LACV 06-1041 CJC, 2006 WL 6885989, at *2 (C.D. Cal. June 6, 2006) (internal quotation and citation omitted).

Here, the Related Derivative Actions assert overlapping claims and allege that substantially the same Individual Defendants breached their fiduciary duties to the

3

nominal defendant Petco, subjecting it to potential liability, by issuing and/or causing the Company to issue materially false and misleading statements. Accordingly, the Related Derivative Actions involve overlapping questions of law and fact, including claims alleging violations of the federal securities laws, breaches of fiduciary duties, and unjust enrichment under state law, and will involve essentially the same motion practice, discovery, witnesses, documentary evidence, and trial considerations. Thus, consolidation of the Related Derivative Actions is proper under Fed. R. Civ. P. 42(a) as it would promote judicial convenience without a significant risk of delay or prejudice.

As such, Plaintiffs respectfully request that the Court consolidate the Related Derivative Actions and any subsequently filed derivative actions regarding similar claims and conduct into the first filed of the Related Derivative Actions under the new caption *In re Petco Health and Wellness Company, Inc.*, Lead Case No. 3:25-cv-01964-JLS-VET.

**2. The Court Should Not Consolidate the *Spurbeck* Action with the Related Derivative Actions**

The allegations in the complaints filed in the Related Derivative Actions and the *Spurbeck* Action arise from substantially the same transactions, happenings, or events. However, there are important distinctions between the legal claims asserted in the respective actions that preclude consolidation of the Related Derivative Actions with the *Spurbeck* Action due to the risk for prejudice and confusion. Instead, the Related Derivative Actions should proceed separately from the *Spurbeck* Action, an approach that would "avoid unnecessary cost or delay," consistent with Fed. R. Civ. P. 42(a).

Courts in this Circuit have recognized that "[t]he nature of a derivative action differs substantially from that of a securities class action," with the two having "varying procedural and substantive requirements." *Sanders v. VeriFone Sys., Inc.*,

4

No. 5:13-CV-01038-EJD, 2013 WL 5550435, at *2 (N.D. Cal. Oct. 7, 2013). The Related Derivative Actions and the *Spurbeck* Action illustrate these different considerations.

The *Spurbeck* Action alleges violations of the federal securities laws *against*, among others, Petco, whereas the Related Derivative Actions assert claims *on behalf of* Petco. Thus, in the *Spurbeck* Action, plaintiff seeks a recovery *from* the Company, among others, for a class of investors who purchased the Company's stock during the specified class period. In contrast, Plaintiffs in the Related Derivative Actions seek recoveries *for* the Company. The distinction between the remedies sought in the *Spurbeck* Action and the Related Derivative Actions alone counsels against consolidation. *See Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *1 (N.D. Cal. Mar. 4, 2013) (separately consolidating derivative shareholder suits, non-derivative securities class actions, and ERISA suits because although they "share common facts, the Court agrees with the parties that the legal issues underlying the three sets of cases are sufficiently distinct that consolidation into three separate actions is appropriate").

The procedural differences between the *Spurbeck* Action and the Related Derivative Actions also counsel against consolidation. Specifically, the *Spurbeck* Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). As a result, the *Spurbeck* Action is subject to, among other things, a procedure for the appointment of lead plaintiff and lead counsel (15 U.S.C. § 78u-4(a)(3)(B)), a heightened pleading standard (*see* 15 U.S.C. § 78u-4(b)(1)-(2)), and a stay of discovery and all other proceedings during the pendency of any motion to dismiss (15 U.S.C. § 78u-4(b)(3)(B)). These procedural standards do not apply to the Related Derivative Actions.

In determining whether to consolidate, the Court must "weigh[] the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Stockman-Sann v. McKnight*, 2013 WL 12128816, at *2 (C.D. Cal. Mar. 4, 2013). Given the distinct legal issues underlying the Related Derivative Actions and the *Spurbeck* Action, consolidation would risk confusion and prejudice.

Courts have recognized that "consolidation may result in unfair prejudice" to parties named in a corollary derivative action but not in the related securities action. *Sanders*, 2013 WL 5550435, at *2. Here, six of the Individual Defendants named in the Related Derivative Actions are not parties to the *Spurbeck* Action, and consolidation could "result in unfair prejudice to these additional parties." *Id.* Consolidation would also pose the risk of confusion as to the scope of the Court's directives, in light of the substantial—but incomplete—overlap of the named defendants between matters, as well as the dual roles played by Petco.

Thus, the Court should take the "more common approach" and allow the Related Derivative Actions to "proceed separately" from the *Spurbeck* Action. *See In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 2009 WL 50132, at *5 (S.D.N.Y. Jan. 5, 2009); *see also Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1151–52 (N.D. Cal. 1999) (consolidating all cases except shareholder derivative suit). Indeed, this approach has been taken in the Central District, where the court has "expressly" declined to consolidate a shareholder derivative action with a related class action even though the "shareholder derivative action ar[ose] out of the same alleged misstatements at issue" in the class action. *Romero v. Growlife, Inc.*, No. 2:14-CV-03015-CAS, 2014 WL 3734543, at *3 (C.D. Cal. July 23, 2014).

Due to the foregoing distinctions between the Related Derivative Actions and the *Spurbeck* Action, Plaintiffs respectfully submit that the Related Derivative Actions should not be consolidated with the *Spurbeck* Action.

**3. Appointment of The Brown Law Firm and Rigrodsky Law as Co-Lead**

Counsel

### a. A Leadership Structure is Necessary for the Effective Prosecution of the Related Derivative Actions Upon Consolidation

Courts have broad discretion to appoint lead counsel to ensure effective and efficient prosecution of consolidated actions. *See, e.g.*, *Hacker v. Peterschmidt*, 2006 WL 2925683, at *2-3 (N.D. Cal. Oct. 12, 2006) ("Upon consolidation, pursuant to Rule 42(a), the district court, 'if it sees fit, may appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases and accordingly assign the designated lawyers specific responsibilities.'"). Appointing lead counsel will also facilitate the coordination of other pretrial matters. *Berg v. Guthart*, 2014 WL 3749780, at *2 (N.D. Cal. July 30, 2014) ("For the purpose of creating an efficient case management structure in complex litigation, a district court has the inherent authority to determine the conduct of derivative proceedings, including appointing lead counsel[.]"). Courts "'may appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases[.]'" *Levine v. Andreessen*, 2010 WL 11639935, at *2 (N.D. Cal. Nov. 1, 2010).

Courts in the Ninth Circuit and across the country commonly appoint lead or co-lead counsel in derivative cases. *See, e.g.*, *Lee ex rel Coherent, Inc. v. Ambroseo*, No. C 07-0955JFHRL, 2007 WL 1558565, at *2 (N.D. Cal. May 29, 2007) (appointing co-lead counsel for consolidated derivative action); *In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 16-CV-05541-JST, 2017 WL 130282, at *3 (N.D. Cal. Jan. 12, 2017) (same); *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *7 (N.D. Cal. Mar. 4, 2013) (appointing lead counsel for derivative action); *Hacker v. Peterschmidt*, 2006 WL 2925683, at *5 (N.D. Cal. Oct. 12, 2006) (appointing co-lead counsel in derivative action). The Court should do the same here.

Plaintiffs respectfully submit that The Brown Law Firm and Rigrodsky Law should be designated as co-lead counsel for plaintiffs in the Consolidated Action ("Co-

Lead Counsel"). *See Millman ex rel. Friedman's, Inc. v. Brinkley*, 2004 WL 2284505, at *2 (N.D. Ga. Oct. 1, 2004) ("The 'orderly and economical prosecution of the action necessitates the designation of a general counsel to conduct the litigation on behalf of all the stockholders.'").

### b. The Brown Law Firm and Rigrodsky Law Are Qualified to Serve as Co-Lead Counsel

The court's responsibilities in appointing co-lead counsel include an assessment of counsel's qualifications, experience, competence, and commitment to prosecuting the action on behalf of plaintiffs. *See* Manual for Complex Litigation (Fourth) § 10.224 (2004); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Stumpf*, No. 11-CV-2369-SI, 2011 WL 13269288, at *1 (N.D. Cal. Aug. 3, 2011) (appointing co-lead counsel in a derivative action). The Brown Law Firm and Rigrodsky Law are both well capitalized and fully capable and prepared to staff and finance this derivative litigation and have extensive experience in handling complex shareholder derivative litigation, having served as lead or co-lead counsel in numerous derivative cases around the country, and have demonstrated a high level of professionalism in securing a number of significant recoveries. *See* Exhibit A and Exhibit B to the Declaration of Gina M. Serra in Support of Revised Joint Motion to Consolidate Related Shareholder Derivative Actions and Appoint Co-Lead Counsel for Plaintiffs being submitted concurrently herewith (firm resumes of The Brown Law Firm and Rigrodsky Law, respectively).

The Brown Law Firm, serving as lead counsel, was instrumental in obtaining a $15.625 million total settlement on behalf of SeaWorld Entertainment, Inc. ("SeaWorld"), in which a $12.5 million cash payment to SeaWorld as well as substantial corporate governance reforms were obtained. *Kistenmacher v. Atchison, et al.*, C.A. No. 10437 (Del. Ch. Court).

The Brown Law Firm's successes also include the global settlement of

8
REVISED UNOPPOSED MOTION TO CONSOLIDATE RELATED SHAREHOLDER
DERIVATIVE ACTIONS AND APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS

derivative actions involving comScore, Inc. filed in state court in Virginia and the Southern District of New York, in which the settlement received court-approval. The Brown Law Firm, serving as lead counsel for plaintiffs in state court in Virginia, was instrumental in obtaining a $10 million cash payment for comScore and causing comScore to institute a vast array of reforms to its corporate governance. *In re comScore, Inc. Virginia S'holder Deriv. Litig.*, Case No. CL-2016-0009465 (Va. Cir. Ct., Fairfax Cnty.); *In re ComScore, Inc. S'holder Deriv. Litig.*, Case No. 1:16-cv-09855-JGK (S.D.N.Y.).

Moreover, The Brown Law Firm served as co-lead counsel for stockholders in a derivative action brought on behalf of The RealReal, Inc. in the United States District Court for the District of Delaware, achieving a settlement involving corporate governance reforms, including improvements to the company's product consignment authentication practices by amending the Chief Operating Officer's responsibilities to include overseeing the authentication process, by requiring semi-annual assessments of all authentication staff, and by mandating training for all new authenticators. The reforms included mandatory semi-annual reports to the board of directors addressing issues facing retail sales practices and any other issues faced by The RealReal customers, and creation of a management-level risk and compliance committee. *In re The RealReal, Inc. Stockholder Deriv. Litig.*, Case No.: 20-cv-1212 (D. Del.).

The Brown Law Firm also served as lead counsel for stockholders in a derivative action brought on behalf of Gogo Inc. in the United States District Court for the Northern District of Illinois, achieving a settlement in which, *inter alia*, three new management-level committees were created, including a Technology Oversight Committee, Ethics Committee, and Risk Committee. These corporate governance reforms were designed to enhance Gogo's risk management, compliance efforts, and disclosures at the executive and board levels. *Nanduri v. Gogo Inc. et al.*, Case No.: 1:18-cv-06524 (N.D. Ill.).

The Brown Law Firm also served in the role of lead counsel for stockholders in a derivative action brought on behalf of Synchrony Financial ("Synchrony") in the United States District Court for the District of Connecticut in which the parties reached a settlement that received final court-approval. The settlement involved corporate governance reforms that included, *inter alia*, expanding the responsibilities of Synchrony's Chief Credit Officer, Chief Risk Officer, and Chief Compliance Officer; improvements to the Ombuds Program Policy that foster the reporting of any ethical and legal violations; improvements to the Disclosure Committee and Risk Committee; and heightened oversight of stock repurchases. *In re: Synchrony Financial Derivative Litigation*, Lead Case No. 3:19-cv-00130-VAB (D. Conn.).

Further, The Brown Law Firm was lead counsel for stockholders in a derivative action brought on behalf of Omega Healthcare Investors, Inc. ("Omega") in the United States District Court for the District of Maryland in which the parties reached a settlement that received final court-approval. The settlement involved corporate governance reforms designed to improve Omega's diversity and anti-discrimination practices. The reforms include, *inter alia*, the appointment of a new African-American, female, and independent director to the Board; the creation of an Environmental, Social, and Governance Steering Committee and Charter to advance Omega's governance, sustainability and diversity inclusion programs; and the creation of a new diversity training program that provides periodic Diversity and Inclusion training for all Company employees and officers. *Wojcik v. Omega Healthcare Investors, Inc., et al.*, Civil Action No. 1:20-cv-03491-JKB (D. Md.).

Thus, The Brown Law Firm has achieved outstanding results for shareholders in shareholder derivative litigation, and the breadth of success of The Brown Law Firm should weigh heavily in favor of appointing the firm as Co-Lead Counsel. *See In re India Globalization Capital, Inc., Derivative Litig.*, 2020 WL 2097641, at *4 (D. Md. May 1, 2020) ("In addition to the impressive resumes of named counsel in this

case [The Brown Law Firm and another firm were appointed co-lead counsel], both firms have extensive experience in shareholder derivative litigation."); *Allred on behalf of Aclaris Therapeutics, Inc. v. Walker*, 2021 WL 5847405, at *4 (S.D.N.Y. Dec. 9, 2021) (finding that the Brown Law Firm and another firm had "extensive experience in shareholder derivative actions[,]" weighing in favor of final approval of the stockholder derivative settlement).

Likewise, Rigrodsky Law attorneys have decades of litigation experience and have achieved precedent-setting victories on behalf of investors in numerous securities fraud, corporate class action, and shareholder derivative lawsuits filed throughout the United States. For instance, Rigrodsky Law served as co-lead counsel in a derivative action against past and present members of the board of directors of HSBC Holdings PLC ("HSBC") and its various U.S. subsidiaries. After successfully achieving a reversal of dismissal of the action on appeal (*see Mason-Mahon v. Flint*, 166 A.D.3d 754 (2d Dept. 2018)) and following the denial of defendants' appellate motion for reargument, or certification to the New York Court of Appeals, plaintiffs achieved a $72.5 million cash settlement on behalf of HSBC. In addition, HSBC agreed to certain corporate governance enhancements to bolster its anti-money laundering and sanctions compliance policies and procedures. The $72.5 million cash component of the settlement is believed to be the first derivative cash settlement against a foreign corporation, as well as the sixteenth largest derivative cash settlement at the time, in the United States. *Mason-Mahon, et al. v. Flint, et al.*, Index No. 602052/2014 (New York Sup. Ct.).

Additionally, Rigrodsky Law served as lead counsel in a derivative action before the Delaware Court of Chancery brought on behalf of Granite Construction, Inc., reaching a settlement to which defendants agreed to pay $7.5 million to the company and implement a series of corporate governance reforms. *Davydov v. Roberts*, C.A. No. 2021-0415-SG (Del. Ch.). Rigrodsky Law also served as sole lead

11

REVISED UNOPPOSED MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS

counsel in a class action before the Delaware Court of Chancery brought on behalf of the shareholders of CNX Gas Corporation ("CNX") alleging financial injury in connection with the going-private acquisition of CNX by its controlling parent company owner, CONSOL Energy, Inc. In ruling that plaintiffs had made a sufficient showing that the action should move forward to trial, the Court issued an important opinion clarifying and defining the rights of shareholders in the context of a going-private tender offer by a controlling shareholder. *See In re CNX Gas Corp. S'holders Litig.*, 4 A.3d 397 (Del. Ch. 2010). The Court of Chancery subsequently approved a settlement of the action where defendants and their insurers agreed to pay $42.73 million to stockholders. *In re CNX Gas Corporation Shareholders Litigation*, Consol. C.A. No. 5377-VCL (Del. Ch.).

The Brown Law Firm and Rigrodsky Law are committed to vigorously prosecuting the Consolidated Derivative Action to obtain the best result for Petco and its shareholders. Plaintiffs have engaged in a sound litigation strategy that resulted in the filing of well-informed complaints and demonstrates their willingness to work cooperatively and evenly with each other. Accordingly, The Brown Law Firm and Rigrodsky Law should be appointed Co-Lead Counsel.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully move for entry of an Order: (a) consolidating the Related Derivative Actions, and any subsequently filed related derivative actions, under Lead Case No. 3:25-cv-01964-JLS-VET; and (b) appointing the law firms of The Brown Law Firm, P.C. and Rigrodsky Law, P.A. as Co-Lead Counsel for plaintiffs in the Consolidated Derivative Action.

Dated: September 24, 2025

**THE BROWN LAW FIRM, P.C.**

*/s/ Robert C. Moest*
Robert C. Moest, Of Counsel, SBN 62166
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
Email: RMoest@aol.com

Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Miller and [Proposed] Co-Lead Counsel for Plaintiffs*

**RIGRODSKY LAW, P.A.**

*/s/ Gina M. Serra*
Gina M. Serra
1091 N. Palm Canyon Drive, Suite 9
Palm Spring, CA 92262
Telephone: (760) 406-8009
Facsimile: (302) 654-7530
Email: gms@rl-legal.com

Samir Aougab
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sa@rl-legal.com

13
REVISED UNOPPOSED MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS

*Counsel for Plaintiff DeGuzman and [Proposed] Co-Lead Counsel for Plaintiffs*

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

*Additional Counsel for Plaintiff DeGuzman*

## L.R. 5-1(i)(3) Attestation:

Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: September 24, 2025               */s/ Gina M. Serra*
                                         Gina M. Serra